IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ROBERT ALLEN SHOEMAKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MAX WILLIAMS, et al., )<br>)<br>Defendants )<br>) | CV 10-0826-JO<br><br>OPINION AND ORDER |

JONES, District Judge:

Plaintiff Robert Allen Shoemaker, acting pro se, sued eight individual employees of the Oregon Department of Corrections ("ODOC"), alleging that they violated his constitutional and statutory rights by providing him with a *halal* diet that is largely vegetarian. Shoemaker brought his action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA"). He seeks an order requiring ODOC to provide Muslim inmates with *halal* meat at the same time that meat products are given to the general inmate

1 - OPINION AND ORDER

population. All eight defendants move for summary judgment (# 32). For the following reasons, the defendants' motion is granted.

## BACKGROUND

Shoemaker is serving a life sentence at the Oregon State Penitentiary ("OSP"). He is a practitioner of Islam and wishes to consume a *halal* diet consistent with the faithful observance of that religion. ODOC provides OSP inmates with vegetarian and fish meals that meet the dietary practices of Islam, but meals with *halal* meat other than fish are not provided except on two Islamic holidays each year. Inmates may purchase prepackaged *halal* meat items from the OSP commissary to supplement their meals. Shoemaker has not done so.

Shoemaker concedes that the vegetarian and fish meals provided to OSP inmates are consistent with his religious practices, but contends the failure to provide him with *halal* meat when the general population of inmates receives meat discriminates against him on the basis of his religion. In particular, Shoemaker accuses defendants of violating RLUIPA, the free exercise clause of the First Amendment, the cruel and unusual punishment clause of the Eighth Amendment, and the equal protection clause of the Fourteenth Amendment.

Defendants contend the dietary options provided by OSP do not substantially burden Shoemaker's religious exercise, do not amount to cruel and unusual punishment, and are not the result of intentional discrimination in violation of the equal protection clause. Defendants say the policy meets compelling budgetary and security interests that cannot be met by less restrictive means. In addition, defendants challenge the sincerity of Shoemaker's religious belief, based on evidence that he purchases and consumes non-*halal* items from the commissary.

## STANDARD OF REVIEW

The district court should grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. *United Steelworkers of America v. Phelps Dodge*, 865 F.2d 1539, 1542 (9th Cir. 1989). Reasonable doubts as to the existence of a material factual issue are resolved against the moving party and inferences drawn from facts are viewed in the light most favorable to the non-moving party. *T.W. Elec. Serv. v. Pac. Elec. Contractors*, 809 F.2d 626, 630-31 (9th Cir. 1987).

## DISCUSSION

**I.    Religious Land Use and Institutionalized Persons Act claim**

Under RLUIPA, a state may not impose a substantial burden on the religious exercise of an inmate unless it can show that the imposition of the burden furthers a compelling governmental interest and does so by use of the least restrictive means. 42 U.S.C. § 2000cc-1(a). The plaintiff bears the initial burden of producing evidence to demonstrate a prima facie claim that the challenged policy constitutes a substantial burden on the exercise of his religious beliefs. *Greene v. Solano Cnty.*, 513 F.3d 982, 987-88 (9th Cir. 2008). Once the plaintiff produces such evidence, the state bears the burden of establishing that the regulation serves a compelling governmental interest and is the least restrictive means of achieving that interest. *Shakur v. Schriro*, 514 F.3d 878, 889 (9th Cir. 2008); *Greene*, 513 F.3d at 988.

Shoemaker failed to satisfy his initial burden. He conceded that the vegetarian and fish meals provided by ODOC are *halal* and comply with the dietary restrictions of his religion. Thus, there is no basis from which to conclude that his consumption of these meals infringed his religious exercise. Similarly, Shoemaker offers no evidence that his religion requires the consumption of meat. The only evidence on this point is from the Declaration of Mr. Ghaneabassiri, who said Islam has no imperative under which Muslims must include meat in their diet. In short, although the challenged ODOC policy limits Shoemaker's menu selections, he has not shown that it restricts the exercise of his religion.

It is useful to distinguish *Shakur v. Schriro*, in which an inmate was able to state a prima facie RLUIPA claim by alleging that the vegetarian *halal* diet served by the prison exacerbated health problems in a way that interfered with his ability to worship. 514 F.3d 888-89. Shoemaker does not allege adverse physical effects that interfere with worship; his only claim is that the absence of meat itself infringes his religious rights.

Even if Shoemaker's exercise of religion is affected by the ODOC dietary policy, he has failed to show that it is a substantial burden. A substantial burden arises when the challenged policy denies important benefits or imposes punishments for conduct mandated by religious belief, "thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thomas v. Review Bd. of the Ind. Emp't Sec. Div.*, 450 U.S. 707, 717-18 (1981). *See e.g. Warsoldier v. Woodford*, 418 F.3d 989, 995-96 (9th Cir. 2005) (inmate's religious practice was punished by confinement to cell, loss of phone privileges, expulsion from classes, loss of recreation, reduction in monetary draw, and additional restrictions).

Shoemaker has two options to relieve any pressure to violate his beliefs. He can observe a *halal* diet by eating the nutritionally equivalent vegetarian and fish meals or he can purchase *halal* meat products in the commissary. Defendants demonstrated that commissary purchases are not beyond Shoemaker's means by showing that he has made numerous purchases, including non-*halal* meat items, from the commissary. His complaint does not amount to a substantial burden when compared to cases such as *Warsoldier*, in which inmates faced punishment or loss of coveted privileges for following their religious beliefs.

Shoemaker has failed to meet his initial burden of producing evidence to demonstrate a prima facie claim that the ODOC dietary policy constitutes a substantial burden on the exercise of his religious beliefs. 42 U.S.C. § 2000cc-2(b); *Greene*, 513 F.3d at 987-88; *Warsoldier*, 418 F.3d at 994-95. Accordingly, there are no issues of material fact and defendants are entitled to judgment on Shoemaker's RLUIPA claim.

## II.  First Amendment Claim

In order to implicate the Free Exercise Clause, an inmate must demonstrate that the challenged regulation substantially burdens a belief that is both "sincerely held" and "rooted in religious belief." *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) quoting *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981). Shoemaker does not dispute defendants' evidence that he has purchased and consumed non-*halal* meat products from the commissary when *halal* meat products were readily available. Nor does he claim that consuming meat is required by Islam or part of his personal religious practice. Accordingly, he has failed to make the showing required to implicate the Free Exercise Clause.

Even if he had, his claim cannot succeed if the dietary policy is furthers a legitimate governmental interests and satisfies the four factor reasonableness test of *Turner v. Safley*, 482 U.S. 78, 89-90 (1987). The first factor requires "a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it." *Turner*, 482 U.S. at 89. ODOC has a legitimate government interest in accommodating thousands of inmates' dietary needs within budgetary limitations. Limiting religious diets in a manner that cuts costs without compelling adherents to consume foods that are forbidden by their religious convictions is rationally connected to that interest. *Shakur*, 514 F.3d at 886.

The second factor considers whether the inmate has "alternative means of exercising the right." *Turner*, 482 U.S. at 90. The inquiry is "not whether the inmate has an alternative means of engaging in the particular religious practice" affected by the challenged policy; it is "whether the inmates have been denied all means of religious expression." *Ward v. Walsh*, 1 F.3d 873, 878 (9th Cir. 1993) quoting *O'Lane v. Estate of Shabazz*, 482 U.S. 342, 352 (1987). Shoemaker does not allege that ODOC restricted other avenues of religious expression for Muslim inmates, such as providing meat alternative *halal* meals, opportunities to pray, access to religious books, classes and counseling, and observance of religious holidays. Accordingly, Shoemaker and other Muslim inmates at OSP have alternative avenues to engage in the practice of Islam.

The third factor concerns the adverse impact that accommodation of the asserted right would have on prison personnel, other inmates, and prison resources generally. *Turner*, 482 U.S. at 90. Defendants have shown that ODOC's dietary policy preserves prison resources while providing meals that comply with the dietary requirements of Islam and other religions. Shoemaker has not presented contradictory evidence.

6 - OPINION AND ORDER

The final factor under *Turner* is to consider whether there are "obvious, easy alternatives" to the regulation. *Turner*, 482 U.S. at 90. Shoemaker failed to identify ready alternatives to the ODOC dietary policy demonstrating that it is unreasonable.

Shoemaker did not make the initial showing required to implicate the Free Exercise Clause and failed to raise genuine issues of material fact regarding the reasonableness of the dietary policy or its relationship to legitimate government interests. Accordingly, defendants are entitled to summary judgment on his First Amendment claim.

### III. Eighth Amendment Claim

Shoemaker's Eighth Amendment claim is that the ODOC dietary policy makes the conditions of his confinement cruel and unusual. Such a claim requires the plaintiff to allege an extreme deprivation and deliberate indifference to the deprivation on the part of prison officials. *Hudson v. McMillan*, 503 U.S. 1, 9 (1992). "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LaMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). Defendants presented evidence, which Shoemaker did not contradict, that the meat alternative *halal* meals are nutritionally adequate. Accordingly, defendants are entitled to summary judgment on Shoemaker's Eighth Amendment claim.

### IV. Fourteenth Amendment Claim

To establish an equal protection claim, a prisoner must show that he is treated differently from similarly situated inmates and that prison officials acted intentionally with a discriminatory purpose. *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997). Each prisoner must be given "a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners

who adhere to conventional religious precepts." *Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Shakur*, 514 F.3d at 891.

Shoemaker has not shown that the ODOC dietary policy treats him differently than it treats similarly situated fellow prisoners of other faiths. Defendants offered evidence that all religious diet options provided by ODOC exclude meat. Nor has he alleged facts from which a discriminatory intent could be inferred. Defendants offered evidence that ODOC officials researched and consulted with religious sources to accommodate the restrictions of various religions represented in the inmate population. Accordingly, defendants are entitled to summary judgment on Shoemaker's equal protection claim.

## CONCLUSION

Defendants' motion for summary judgment (# 32) is GRANTED. All remaining pending motions are denied as moot.

IT IS SO ORDERED.

DATED this 11th day of February, 2013.

                                            Robert E. Jones
                                            United States District Judge